GRANT v. GRANT ET AL.

1. **Practice in the Supreme Court:** ABSTRACT. The certificate of the clerk that the abstract contains all the evidence on file does not sufficiently establish the fact that the evidence thus certified is all that was offered in the court below.

*Appeal from Henry District Court.*

THURSDAY, SEPTEMBER 20.

ACTION in equity, commenced in April, 1873. There was a finding and judgment for the plaintiff, and defendants appeal.

*Palmer & Jeffries* and *D. P. Stubbs*, for appellant.

*H. & R. Ambler*, for appellee.

SEEVERS, J. The trial in the District Court was by the first method, and the cause is triable *de novo* in this court. It is objected, however, that there is no sufficient showing that all the evidence is before us. At the March term, 1874, by consent of the parties, the

1. PRACTICE in the supreme court. abstract.

court made an order that "Laton, short-hand reporter, be appointed a commissioner to take the evidence, and report the same to the court; said order not to prevent depositions of witnesses residing out of the county, or out of the reach of subpœna, being taken on commission upon the notice required by law."

The only evidence contained in the abstract tending to show that the testimony before the District Court is in the record, consists of two certificates of the clerk, which are as follows:

"I, J. N. Allen, clerk of the District Court, within and for said county and state, do hereby certify that the depositions of Geo. C. Van Allen *et al.*, filed November 18, 1874, the depositions of Mary Neil and William Neil, filed November 21, 1874, and the depositions of Phebe Grant and Lemuel Baldwin, filed November 15, 1875, in Equity Cause No. 1982, wherein Phebe Grant is plaintiff, and Geo. D. Grant *et al.* are defendants, in District Court of said county, contains all the evidence introduced upon the trial of said cause, in the Henry District Court, at its November term, A. D. 1876; and, also, that the papers to which the certificate is attached are all the papers and pleadings filed in said cause.

Given under my hand and seal of said court, at Mt. [L.S.] Pleasant, Iowa, this 17th day of May, 1877."

"I, J. N. Allen, clerk of the District Court within and for said county, do hereby certify that on or about May 17, 1877, I made a certificate as to records and evidence in the case of *Phebe Grant v. Geo. D. Grant et al.*, now pending in the Supreme Court of Iowa, being same as certificate at end of appellant's printed abstract in said cause, this day shown me (found on page 39 of said abstract); that said certificate was attached to the pleadings in said cause; that I do not know of my own personal knowledge whether the said certificate specified all the evidence used on said cause or not, the same only referring to evidence on file, as I found it at time of making said certificate; that I never made or certified any transcript in said cause; that at the time of making said

Grant v. Grant.

certificate I delivered to L. G. Palmer, one of defendant's (appellant's) attorneys, the pleadings and papers—including depositions—on file in said cause, together with my certificate, as above stated, since which time they have not been returned to my (the clerk's) office, nor do I know of their whereabouts. And that I have made inquiry of appellant's counsel, Palmer & Jeffries, to whom I delivered said papers, who inform me that they had the papers in their office, and that they are missing, and that they (the attorneys) have made search for said papers, and are unable to find them, or give any information as to their whereabouts.

Witness my hand and the seal of the said District [L.S.] Court of Henry county, Iowa, this 13th day of June, A. D. 1877.

J. N. ALLEN, *Clerk.*"

"Since writing the above, the depositions referred to have been found, and are in the clerk's office. The other papers cannot be found.

Witness my hand and seal of said court this 13th day [L.S.] of June, 1877.

J. N. ALLEN, *Clerk.*"

Taking these two certificates together, and they amount to this, and nothing more: That the abstract contains all the evidence on file. But this "does not sufficiently establish that the evidence thus certified was all that was used in the court below." *Davenport v. Ells et al.*, 22 Iowa, 296.

It is insisted in argument by counsel for appellant that incompetent evidence was admitted and considered by the court below. But conceding this to be true, we are powerless to correct the wrong, because there are no exceptions to the rulings, or assignment of errors.

AFFIRMED.